IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES DANIEL MAYE,

Petitioner,

vs.

ANTHONY HAYNES, Warden,

Respondent.

CIVIL ACTION NO.: CV211-059

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Daniel Maye ("Maye"), an inmate currently incarcerated at the Federal Satellite Low facility in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Maye filed a Traverse. For the reasons which follow, Maye's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Maye was convicted in 2006, in the Middle District of Florida of conspiring to access a computer without authorization in violation of 18 U.S.C. § 371, accessing a computer without authorization in violation of 18 U.S.C. § 1030, and making false statements in violation of 18 U.S.C. § 1001. United States v. Maye, CR804-321 (M.D. Fla. 2006). The district court sentenced Maye to 97 months' imprisonment. (Id. at Doc. No. 166). Maye filed a direct appeal but then voluntarily withdrew it. (Id. at Doc. No. 177). Since then, Maye has filed three unsuccessful 28 U.S.C. § 2255 motions in the Middle District of Florida. See Maye v. United States, 8:07-cv-00653 (M.D. Fla. May 22,

AO 72A
(Rev. 8/82)

2007) (voluntarily withdrawn); Maye v. United States, 8:07-cv-01258 (M.D. Fla. Feb. 13, 2008) (denied on merits); Maye v. United States, 8:10cv-02327 (M.D. Fla. Oct. 25, 2010) (dismissed for lack of jurisdiction). In 2010, Maye unsuccessfully filed a motion to vacate judgment. United States v. Maye, CR804-321 (M.D. Fla. 2006), Doc. Nos. 220, 223. Maye was denied issuance of a certificate of appealability on that motion. (Id. at Doc. No. 232).

In the instant petition, Maye alleges that he is innocent of his criminal convictions because of the Eleventh Circuit's decisions in United States v. Salum, 257 F. App'x 225 (11th Cir 2007) and United States v. Rodriguez, 628 F.3d 1258 (11th Cir, 2010). Respondent avers that Maye has not shown that he is entitled to use § 2255's savings clause to proceed under § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Maye fails to cite any retroactively applicable Supreme Court decisions in his petition or traverse. Eleventh Circuit decisions do not satisfy the Wofford test. See id.; see also Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008) ("We end at the first Wofford inquiry, which is whether there is a Supreme Court decision .... There isn't."). As Maye's claim is not based on a retroactively applicable Supreme Court decision, it is unnecessary to examine his petition further.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Maye's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of May, 2011.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE