# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

CHARLES DANIEL MAYE,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-059

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Maye asks this court to adopt an interpretation of Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), that would allow a circuit court case (rather than a Supreme Court case) to satisfy the savings clause of 28 U.S.C. § 2255.

Maye argues, "Nothing in Wofford . . . supports the conclusion that a controlling circuit decision can never satisfy the savings clause . . . ." (Doc. No. 12, p. 4). Maye also argues that the Supreme Court's holding in Davis v. United States, 417 U.S. 333 (1974), indicates that a circuit court's ruling on the substantive reach of criminal statutes could satisfy § 2255's savings clause.

Maye's assertion that "nothing in Wofford" supports the conclusion that a controlling circuit decision cannot satisfy the savings clause is unfounded. Wofford explicitly states that the savings clause applies to a claim when it "is based upon a retroactively applicable *Supreme Court* decision." Wofford, 177 F.3d at 1244 (emphasis

AO 72A
(Rev. 8/82)

added). Davis is inapplicable to Maye's claim. The Davis opinion never addresses a successive § 2255 motion or a § 2241 petition.

Moreover, the Eleventh Circuit cases which Maye wishes to use to overturn his conviction: United States v. Salum, 257 F. App'x. 225 (11 Cir. 2007), and United States v. Rodriguez, 628 F.3d 1258 (11th Cir. 2010), could not have overturned circuit precedent that applied during his trial, direct appeal, or first § 2255 motion. Neither decision was rendered by the en banc Court. A panel of the Eleventh Circuit cannot overturn prior circuit precedent on its own; neither decision was required by intervening Supreme Court precedent. NLRB v. Datapoint Corp., 642 F.2d 123, 129 (5th Cir. Apr. 1981) ("Without a clearly contrary opinion of the Supreme Court or of this court sitting en banc, we cannot overrule a decision of a prior panel of this court.").[1]

Maye's Objections to the Magistrate Judge's Report and Recommendation are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Maye's 28 U.S.C. § 2241 Petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this 21 day of June, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981), this court adopted as binding precedent the decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date.